IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ARTURO HONORIO PEREZ PEREZ,
*Petitioner*,
v.

UNKNOWN CUSTODIAN, *et al.*,
*Respondents*.

1:26-cv-02447-MSN-LRV

ORDER

On August 6, 2026, Arturo Honorio Perez Perez ("Petitioner"), a native and citizen of Guatemala who first entered the United States five years ago, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 alleging that he has been unlawfully detained by the Federal Respondents. *See generally*, ECF 1. The next day, this Court ordered that "Petitioner IS NOT to be removed or transferred from this district for any reason without this Court's permission during the pendency of this habeas action[.]" *See* ECF 4 (emphasis in original). On August 11, 2026, the Federal Respondents filed a motion to dismiss the Petition on jurisdictional grounds. *See* ECF 7 (Motion); ECF 8 (Memorandum).

In that motion, the Federal Respondents for the first time informed this Court that Petitioner was not currently located in this District. The Federal Respondents outlined the series of events as follows. On August 3, 2026, Petitioner was detained at the Washington Field Office. ECF 7-2 at 1. On August 4, 2026, he was transferred to the Caroline Detention Facility in Caroline County, Virginia. *Id.* Petitioner was transferred to the Richmond Sub-Office on August 6, 2026. *Id.* Then, on August 6, 2026, at 11:58 AM EDT, Petitioner was booked out of the Richmond Sub-Office in

Virginia for transfer to the Alexandria Staging Facility in Louisiana.[1] ECF 7-2 ¶ 6. On August 6, 2026, at 1:59 PM, Petitioner arrived in Louisiana and was booked into the Alexandria Staging Facility. *Id.* Petitioner filed his Petition on August 6, 2026, at 8:44 PM, after being removed from the Eastern District of Virginia. *Id.* ¶ 7. On August 8, 2026, Petitioner was moved to the ERO El Paso Camp East Montana in El Paso, Texas. *Id.* ¶ 8. On August 10, 2026, Petitioner was moved to the Florence Service Processing Center in Florence, Arizona, where he is currently detained. ECF 8 at 2 n.1; *see also* ECF 7-3 at 1. Federal Respondents argue that the Petition must be dismissed because Petitioner was not located within this District when the Petition was filed. *See generally* ECF 8.

Petitioner argues that this Court should retain jurisdiction over his Petition because of the unknown custodian exception articulated by the Fourth Circuit in *Suri v. Trump*, No. 25-1560, 2026 WL 2123557 (4th Cir. Jul. 23, 2026). ECF 1 ¶ 9-10. The Fourth Circuit explained that "[w]hen a detainee is held in a secret location," jurisdiction is "proper in [the petitioner's] last-known location, and the only place his attorney reasonable could have filed[.]" *Suri*, 2026 WL 2123537, at *7-9. Indeed, "it is essential that [the] petitioner not be denied the right to petition for a writ of habeas corpus because they are in an unidentifiable location." *Id.* at *7. Petitioner asserts that his "district of confinement and immediate custodian were unknown at the time the Petition was filed," despite Petitioner's counsel making "diligent efforts to contact ICE and look online to discover Petitioner's location." ECF 1 ¶ 10. Indeed, "[a]t the time of filing the Petition, the ICE locator showed no location and it was unknown to undersigned counsel where the Petitioner was located." ECF 11 at 2.

[1] To prevent confusion, all references to time in this Order are in terms of EDT.

Federal Respondents argue this is insufficient to trigger the unknown custodian exception. ECF 8 at 7. Respondents cite *Flores Solano v. ICE*, 1:26-cv-01915, ECF 10, Order at 2 (E.D. Va. Aug. 5, 2026), ECF 8 at 7, but in *Flores Solano* the petitioner did not argue the unknown custodian exception applied *because* petitioner's counsel was unable to locate petitioner's location at the time of filing, and instead argued the government failed to show petitioner had been removed from the District before the petition was filed. *See generally* Petitioner's Reply in Support of Petition for Writ of Habeas Corpus, *Flores Solano v. ICE*, No. 1:26-cv-01915, ECF 5 (E.D. Va. July 8, 2026).

The Fourth Circuit has made clear that a petitioner's counsel's inability to identify a petitioner's location at the time the petition is filed, despite petitioner's counsel's reasonable efforts to do so, triggers the unknown custodian exception. *See Suri*, 2026 WL 2123557, at *8 ("We agree with the district court that 'it is not clear how any other diligent attorney could have know that [Petitioner] was in Louisiana at the time he filed the petition.' Based on the information known to [Petitioner's] counsel, the Eastern District of Virginia was the *only* logical place to file the petition."). Following *Suri*, courts in this District have applied the unknown custodian exception under circumstances similar to the present Petition. *See, e.g.*, *Carballo Recinos v. Guadian*, No. 1:26-cv-02643, ECF 5, Order at 1-2 (E.D. Va. Aug. 9, 2026) (Brinkema, J.) (unknown custodian exception applicable when "ICE's Online Detainee Locator System showed that petitioner was still in ICE custody, but that his location was unknown" and petitioner's counsel "'made diligent efforts to contact ICE to no avail'"). And the cases in which the unknown custodian exception was found inapplicable involved circumstances in which petitioner's counsel "had received information" that petitioner had been moved outside the District prior to the petition

being filed. *Martinez Corado v. Zanotti*, No. 3:26-cv-00600, ECF 15, Order at 1-2 (E.D. Va. Aug. 18, 2026); *see also Matias Munoz v. Zanotti*, No. 3:26-cv-00630, ECF 16, Order at 2 (E.D. Va. Aug. 18, 2016) (declining to apply the unknown custodian exception where petitioner's counsel had "actual knowledge" that petitioner was no longer within the district prior to filing the petition). Under these circumstances, the Court finds that *Suri*'s unknown custodian exception applies in this case, and the motion to dismiss must be denied.

Regarding the merits of the petition, this Court's Order required the Federal Respondents to file either a notice indicating the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Servellon Martinez v. Lyons*, 1:25-cv-1792 (E.D. Va. Nov. 7, 2025), or an Opposition to the Petition discussing the material differences. ECF 4. In their Motion to Dismiss, Federal Respondents confirmed that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Servellon Martinez v. Lyons*, 1:25-cv-01792 (E.D. Va. Nov. 7, 2205). *See* ECF 8 at 7-8. Accordingly, the Court incorporates the filings from *Servellon Martinez* into this case, and the Court will grant the Petition. As such, and for good cause shown, it is hereby

ORDERED that Federal Respondents' motion to dismiss, ECF 7, is DENIED; it is further

ORDERED that respondents immediately arrange for return of Petitioner with all of his personal belongings and documents to this jurisdiction by no later than 5:00 pm on Monday, August 24, 2026; it is further

ORDERED that upon Petitioner's return to this District, he shall be immediately released from custody, with all his personal property, pending his bond hearing before an immigration

judge. Petitioner must live at a fixed address which he must provide to the Federal Respondents.[2] Petitioner must also appear at the bond hearing once Federal Respondents notify him of its date, time, and location; it is further

ORDERED that Federal Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a); it is further

ORDERED that Federal Respondents are ENJOINED from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

August 20, 2026
Alexandria, Virginia

[2] If Petitioner opts to file a pleading in this civil action notifying the Federal Respondents of his fixed address, Petitioner should file that pleading under seal. No separate motion to seal will be required.